IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **JIMMY RANDOLPH JACKSON, JR.,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**TITLE MAX, INC., INTEGRITY TRANSPORT COMPANY, INTEGRITY RECOVERY SERVICES, DONALD GLENN PAYNE, and IRISH RECOVERY SERVICES LLC,**<br><br>**Defendants.** | Civil Case Number:<br><br><u>**CIVIL ACTION**</u><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff JIMMY RANDOLPH JACKSON, JR. (hereinafter, "Plaintiff"), a resident of Georgia, brings this complaint by and through the undersigned attorneys, against Defendants TITLE MAX, INC., INTEGRITY TRANSPORT COMPANY, INTEGRITY RECOVERY SERVICES, DONALD GLENN PAYNE, and IRISH RECOVERY SERVICES LLC (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally repossessed his vehicle while

1

egregiously disturbing the peace, thereby blatantly violating OCGA § 11–9–609(b)(2). Plaintiff also brings a claim against INTEGRITY TRANSPORT COMPANY, INTEGRITY RECOVERY SERVICES, DONALD GLENN PAYNE and IRISH RECOVERY SERVICES LLC for illegally repossessing his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff is a natural person and a resident of Commerce, Georgia and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant TITLE MAX, INC. (hereinafter referred to as Title Max") is a privately owned title lending corporation, with corporate offices in Dallas, Texas and Savannah, Georgia.

7. Defendant INTEGRITY TRANSPORT COMPANY, (hereinafter referred to as "ITC"), is a repossession company, with its principal place of business located at 44 County Farm Road Ext, Toccoa, GA 30577.

8. Defendant INTEGRITY RECOVERY SERVICES, (hereinafter referred to as "ITS"), is similarly a repossession company, with its principal place of business also located at 44 County Farm Road Ext, Toccoa, GA 30577.

9. Defendant IRISH RECOVERY SERVICES LLC (hereinafter referred to as "IRS"), is also a repossession company, with its principal place of business also located at 44 County Farm Road Ext, Toccoa, GA 30577.

10. Defendant DONALD GLENN PAYNE (hereinafter referred to as "Payne") is a natural person residing at 46 Highway 123, Toccoa, GA 30577.

11. Upon information and belief, Defendant ITC is a company that uses the mail, telephone,

or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

12. Upon information and belief, Defendant ITS is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

13. Upon information and belief, Defendant IRS is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

14. Defendant IRS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

15. Defendant ITS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

16. Defendant ITC is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

17. Upon information and belief, Defendant Payne is an individual who uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

18. Defendant Payne is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

19. Upon information and belief, IRS, ITS, and ITC are alter egos of each other and of Defendant Payne, all operating from the same address, using the same tow trucks, and all owned by Defendant Payne.

**ALLEGATIONS OF FACT**

20. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

21. The Plaintiff owns a 2012 Nissan Sentra, which was financed with a loan through Title Max.

22. The Plaintiff purchased and uses the Nissan Sentra for his wife and young children to have transportation.

23. The Title Max loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

24. Sometime prior to July 31, 2020, the Plaintiff fell behind on his obligations to Title Max.

25. As a result, Title Max contracted with ITS, ITC, IRS and Payne to repossess the Plaintiff's vehicle.

26. On or about August 13, 2020, at approximately 1:00 a.m., the Defendants arrived at the Plaintiff's home in an attempt to repossess the vehicle.

27. However, the vehicle was locked, and it was blocked in its parking spot by another vehicle parked in front of it, so the Defendants were unable to tow the vehicle without assistance from the Plaintiff.

28. The Defendants then proceeded to bang on the walls and doors of the Plaintiff's home so hard that the walls shook, waking up the Plaintiff's entire family including the Plaintiff's young children who became frightened and scared.

29. The Defendants then also proceeded to shine their powerful flashlight beams into the Plaintiff's windows, including into the windows of the Plaintiff's young child, unnecessarily frightening and alarming her.

30. All this banging in the middle of the night then woke up the Plaintiff's neighbor who

proceeded to talk to the Defendant's representatives to see what they wanted. Defendant's representatives told the Plaintiff's neighbor "We are trying to get Jimmy to come out and talk to us about his debt to Titlemax. But he won't come out and deal with us."

31. Defendant's representatives then asked Plaintiff's neighbor to go knock on the Plaintiff's back entrance to see if the Plaintiff would open the door for his neighbor.

32. After Plaintiff's neighbor refused to aid the Defendants, the Defendants' representatives became more frustrated, and even more aggressive in their efforts to have Plaintiff assist them in repossessing the vehicle.

33. The Defendants then continued banging on the Plaintiff's home, and trying to incite the Plaintiff to come outside his home, yelling "Jimmy just come out. We don't want things to have get ugly out here, now."

34. Defendants' representatives then continued to taunt Plaintiff through the closed door of his home, yelling things like (a) "Jimmy just come out. We know you are there. Things are going to get ugly if it's going to have to go this way", (b) "We would hate to get the cops here and you go to jail" (c) "Jimmy stop being a pussy and come out" and (d) "Jimmy man up and just come out. This is sad what you are doing."

35. This ordeal went on for nearly an hour, from approximately 1:15 a.m. to 2:15 a.m.

36. After the Defendants were unsuccessful in forcing the Plaintiff out of his home in the middle of the night, the Defendants then proceeded to open the hood of the Plaintiff's vehicle and to take out whatever car parts they were able to take.

37. While rummaging under the hood of the Plaintiff's vehicle, Defendant's representatives removed and pocketed various fuses from the Plaintiff's vehicle, including those that controlled the power steering, the alternator, the cooling fan motor control which prevents

5

the motor from overheating, and the fuse that controlled the ABS brakes.

38. At approximately 2:30 a.m., the Defendants finally drove away, taking with them the various car parts they had removed from the Plaintiff's vehicle.

39. On September 8, 2020, the Defendants then returned to the Plaintiff's home to repossess his vehicle.

40. At that time, the Plaintiff clearly advised the Defendants that "You need to stop what you're doing" and that they could not repossess the vehicle.

41. The Defendants' representatives paused in their act of repossessing the vehicle, made a phone call to their employer – believed to be Donald Glenn Payne – and then returned to the vehicle, insisting that their employer had instructed them to take the car.

42. The police then arrived at the property, but claimed that this was a civil matter and that there was nothing they could do.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (Against Integrity Transport Company, Integrity Recovery Services, Donald Glenn Payne, and Irish Recovery Services LLC)

43. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Plaintiff brings this Count against Defendants Integrity Transport Company, Integrity Recovery Services, Donald Glenn Payne, and Irish Recovery Services LLC.

45. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

46. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)    the property is exempt by law from such dispossession or disablement.

47. Under OCGA § 11–9–609(b)(2), a secured party may take possession of collateral after default, without judicial process, **only** if the repossession proceeds without a breach of the peace.

48. At the time of the attempted repossession and disablement, the Plaintiff's vehicle was not accessible to the Defendants, preventing the Defendants from towing it without resorting to a breach of the peace.

49. To repossess and disable the Plaintiff's vehicle, the Defendants then resorted to obnoxiously and extensively breach the peace in the middle of the night, in the hopes that this tactic would enable them to obtain possession over the Plaintiff's vehicle.

50. As a result, the Defendants did not have the present right to possession or disablement of the Plaintiff's vehicle when it attempted to repossess and disable it, and was prohibited from repossessing it or disabling it.

51. Moreover, after committing their breach of the peace during their attempts to repossess the Plaintiff's vehicle, Plaintiff's vehicle was clearly exempt from repossession or disablement.

52. As a result, the Defendants violated 15 USC § 1692f(6) when it attempted to repossess and disable the Plaintiff's vehicle on August 13, 2020.

53. Moreover, the Defendants violated 15 USC § 1692f(6) when it breached the peace by repossessing the Plaintiff's vehicle, against his protests, on September 8, 2020. *See, Fulton v. Anchor Sav. Bank, FSB*, 215 Ga. App. 456, 461, 452 S.E.2d 208, 213 (1994)("the

unequivocal oral protest of the defaulting debtor eliminates self-help repossession as a lawful alternative for the secured party").

54. By attempting to illegally repossess and disable the Plaintiff's vehicle in violation of the FDCPA – and by subsequently illegally repossessing the vehicle - Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

55. Defendants' illegal activity also harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment.

56. For example, Plaintiff was forced to explain to his young child the next day why the Defendants' men were banging on the door in the middle of the night and why the car was being repossessed because there wasn't enough money to pay the bills, thereby causing the Plaintiff to suffer deep shame and embarrassment.

57. Plaintiff also suffered shame and embarrassment by his neighbors witnessing this ordeal in the middle of the night, and by having his neighbors become aware that the Plaintiff's vehicle was being repossessed.

58. Plaintiff also unnecessarily suffered fear and anxiety for his family's safety by the Defendant's repeated threats about "things getting ugly" if he did not cooperate, and by Defendant's false threats to involve the police.

59. By reason thereof, Defendants Integrity Transport Company, Integrity Recovery Services, Donald Glenn Payne, and Irish Recovery Services LLC are also liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual

damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL BREACH OF THE PEACE**
**OCGA § 11–9–609(b)(2)** *et seq.*
**(Against All Defendants)**

60. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Plaintiff brings this Count against Defendants Title Max, Integrity Transport Company, Integrity Recovery Services, Donald Glenn Payne, and Irish Recovery Services LLC.

62. Georgia law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves a breach of the peace. OCGA § 11–9–609(b)(2).

63. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Lewis v. Nicholas Fin., Inc.*, 300 Ga. App. 888, 889–91, 686 S.E.2d 468, 469–70 (2009)(" Because the secured creditor's duty to accomplish a nonjudicial repossession without breaching the peace is statutory, that duty is nondelegable even though the creditor hires another party to perform the repossession").

64. On or about August 13, 2020, Defendants breached the peace when it attempted to repossess the Plaintiff's vehicle while banging on the Plaintiff's home in the middle of the night, waking the Plaintiff's young children and his neighbors, taunting him to come outside, impugning that the Plaintiff was "not being a man" and was instead acting like a "pussy" for not coming out of his home to face the Defendants' men, lying that the Plaintiff would have to go to jail, and repeatedly threatening that things "were going to get ugly" unless the Plaintiff came out of his home.

65. As a result, the Defendants violated OCGA § 11–9–609(b)(2) when it attempted to repossess and disable the Plaintiff's vehicle on August 13, 2020.

66. On September 8, 2020, the Defendants agan breached the peace by repossessing the Plaintiff's vehicle, against his protests. *See, Fulton v. Anchor Sav. Bank, FSB*, 215 Ga. App. 456, 461, 452 S.E.2d 208, 213 (1994)("the unequivocal oral protest of the defaulting debtor eliminates self-help repossession as a lawful alternative for the secured party").

67. As a result, the Defendants again violated OCGA § 11–9–609(b)(2) when it repossessed the Plaintiff's vehicle on September 8, 2020.

68. By attempting to illegally repossess and disable the Plaintiff's vehicle on August 13, 2020 – and by subsequently illegally repossessing that vehicle on September 8, 2020 - in violation of OCGA § 11–9–609(b)(2), Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

69. Defendants' illegal activity also harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment.

70. Plaintiff was forced to explain to his young child the next day why the Defendants' men were banging on the door in the middle of the night and why the car was being repossessed because there wasn't enough money to pay the bills, thereby causing the Plaintiff to suffer deep shame and embarrassment.

71. Plaintiff also suffered shame and embarrassment by his neighbors witnessing this ordeal in the middle of the night, and having his neighbors become aware that the Plaintiff's vehicle was being repossessed.

72. Plaintiff also unnecessarily suffered fear and anxiety for his family's safety by the Defendant's repeated threats about "things getting ugly" if he did not cooperate, and by Defendant's false threats to involve the police.

73. By reason thereof, Defendants Integrity Transport Company, Integrity Recovery Services, Donald Glenn Payne, and Irish Recovery Services LLC are also liable to the Plaintiff for judgment that Defendant's conduct violated OCGA § 11–9–609(b)(2), statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## COUNT III

### WRONGFUL REPOSSESSION
### (Against All Defendants)

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Plaintiff brings this Count against Defendants Title Max, Integrity Transport Company, Integrity Recovery Services, Donald Glenn Payne, and Irish Recovery Services LLC.

15. Georgia law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves a breach of the peace. OCGA § 11–9–609(b)(2).

16. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Lewis v. Nicholas Fin., Inc.*, 300 Ga. App. 888, 889–91, 686 S.E.2d 468, 469–70 (2009)(" Because the secured creditor's duty to accomplish a nonjudicial repossession without breaching the peace is

11

statutory, that duty is nondelegable even though the creditor hires another party to perform the repossession").

17. On or about August 13, 2020, Defendants breached the peace when it attempted to repossess the Plaintiff's vehicle while banging on the Plaintiff's home in the middle of the night, waking the Plaintiff's young children and his neighbors, taunting him to come outside, impugning that the Plaintiff was "not being a man" and was instead acting like a "pussy" for not coming out of his home to face the Defendants' men, lying that the Plaintiff would have to go to jail, and repeatedly threatening that things "were going to get ugly" unless the Plaintiff came out of his home.

18. On September 8, 2020, the Defendants again breached the peace by repossessing the Plaintiff's vehicle, against his protests. *See, Fulton v. Anchor Sav. Bank, FSB*, 215 Ga. App. 456, 461, 452 S.E.2d 208, 213 (1994)("the unequivocal oral protest of the defaulting debtor eliminates self-help repossession as a lawful alternative for the secured party").

19. By breaching the peace in attempting to repossess the Plaintiff's vehicle on August 13, 2020 – and by breaching the peace again when actually repossessing the vehicle on September 8, 2020 - the Defendants committed the tort of wrongful repossession. *See, Borden v. Pope Jeep-Eagle, Inc.*, 200 Ga. App. 176, 179, 407 S.E.2d 128, 131 (1991)("wrongful repossession occurs when a repossession is accompanied by a wrongful act, which shall mean an act that is in contravention of some legal duty owed to the party from whose possession the vehicle is being taken").

20. By wrongfully repossessing, and attempting to wrongfully repossess the Plaintiff's vehicle, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from

such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

21. Defendants' illegal activity also harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment.

22. Plaintiff was forced to explain to his young child the next day why the Defendants' men were banging on the door in the middle of the night and why the car was being repossessed because there wasn't enough money to pay the bills, thereby causing the Plaintiff to suffer deep shame and embarrassment.

23. Plaintiff also suffered shame and embarrassment by his neighbors witnessing this ordeal in the middle of the night, and having his neighbors become aware that the Plaintiff's vehicle was being repossessed.

24. Plaintiff also unnecessarily suffered fear and anxiety for his family's safety by the Defendant's repeated threats about "things getting ugly" if he did not cooperate, and by Defendant's false threats to involve the police.

25. By reason thereof, Defendants Integrity Transport Company, Integrity Recovery Services, Donald Glenn Payne, and Irish Recovery Services LLC are also liable to the Plaintiff for judgment that Defendants attempted to wrongfully repossess the Plaintiff's vehicle, statutory damages, punitive, actual damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

26. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding Plaintiff his actual damages incurred;

(b) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding the Plaintiff punitive damages;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: January 12, 2021

/s/ Misty Oaks Paxton
Misty Oaks Paxton, Esq.
The Oaks Firm
3895 Brookgreen Pt.
Decatur, GA 30034
Tel: (404) 725-5697
Email: attyoaks@yahoo.com

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone (732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice To Be Filed**